IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GARVIN BEDFORD, Individually, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:14-cv-10196 |
| v. ) | |
| ) | Judge Milton I. Shadur |
| UNITED AIRLINES, INC., an Illinois ) | |
| Corporation, ) | Magistrate Judge Geraldine Soat Brown |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Plaintiff, Garvin Bedford ("Bedford"), by his court-appointed counsel, Robert E. McKenzie, Anne M. Coghlan, and Oliver A. Khan of Arnstein & Lehr LLP, moves this Honorable Court to compel United Airlines, Inc., an Illinois Corporation. ("UAL") to respond to Bedford's interrogatories and requests to produce. In support thereof, Bedford states as follows:

**Introduction**

1. This case involves UAL's termination of Bedford, UAL's former employee. Bedford's claims against UAL include (1) wrongful discharge- age discrimination; (2) wrongful discharge- race discrimination; and (3) wrongful discharge- gender discrimination.

2. Bedford moves to compel UAL to properly respond to deficiencies in discovery regarding: (i) failure to provide full and complete answers to Interrogatories Numbers 4, 16, and 17; and (ii) failure to provide full and complete production of the items requested in Bedford's Requests for Production Numbers 9-15, 20-21, and 29.

112845486.4

**Background**

3. Bedford issued its First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production ("Requests to Produce") to UAL on or about July 8, 2015 which are attached, respectively, as **Exhibit A and Exhibit B.** While UAL sent responses to the Interrogatories and Requests to Produce, UAL's responses were incomplete and, in some cases, non-responsive. UAL's answers to the Interrogatories ("Answers to Interrogatories") is attached as **Exhibit C**. UAL's response to the Requests to Produce ("Response to Requests to Produce") is attached as **Exhibit D**.

4. In an effort to resolve discovery disputes arising out of the Interrogatories and Requests to Produce, Bedford sent UAL a letter on September 30, 2015 regarding UAL's incomplete discovery responses, which is attached as **Exhibit E**. UAL's response letter, dated November 4, 2015, is attached as **Exhibit F**. UAL provided supplemental discovery responses, which are still incomplete ("UAL's Supplemental Responses"). UAL's supplemental responses to Requests to Produce Nos. 1, 2, 6, 10, 11, 18 and 23 and Interrogatory No. 14 are attached hereto as **Group Exhibit G**. UAL sent supplemental responses to Request to Produce No. 14 and Interrogatory No. 4 on November 18, 2015, which are attached hereto as **Group Exhibit H**.

5. Counsel for Bedford, Anne M. Coghlan and Oliver Khan, and counsel for UAL, Preston Pugh and Elysia Baker, participated in a telephonic conference pursuant to Local Rule 37.2 on November 12, 2015 at about 11:00 a.m. UAL sent additional supplemental discovery responses ("UAL's Additional Supplemental Responses") on December 16, 2015, which are still incomplete. UAL's December 16, 2015 letter is attached hereto as **Exhibit I**. After the telephonic conference and the supplemental documents were submitted by UAL, the parties had multiple conversations attempting to resolve the remaining differences arising out of the above discovery. On February 1,

2016, counsel for UAL confirmed that it has tendered all discovery documents that it plans to produce, except for documents related to Request to Produce No. 8 in a letter attached hereto as **Exhibit J**. UAL produced documents related to Request to Produce No. 8 on March 21, 2016. After the telephone consultation and good faith attempts to resolve differences arising out of the above discovery, the parties are unable to reach an accord regarding the issues raised here. The certification of Anne M. Coghlan is attached hereto as **Exhibit K**.

## Argument

6. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. Pro. 26(b)(1). "The discovery rules allow the parties 'to obtain the fullest possible knowledge of the issues and facts before trial.'" *In re Thomas Consol. Indus., Inc.*, No. 04 CV 6185, 2005 WL 3776322, at *6 (N.D. Ill. May 19, 2005) (citations omitted).

7. "Liberal discovery is the general rule." *Pactiv Corp. v. Multisorb Techs.*, No. 10 C 461, 2012 WL 1831517, at *5 (N.D. Ill. May 18, 2012). "[G]amesmanship is antithetical to the principles of discovery under the Federal Rules." *Hobley v. Burge*, No. 03 C 3678, 2003 WL 22359520, at *2 (N.D. Ill. Oct. 15, 2003).

8. Rule 37(a)(1) of the Federal Rules of Civil Procedure provides that "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Pro. 37(a)

3

(1). Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. Pro. 37(a)(4).

9. UAL did not fully respond to Bedford's Interrogatory No. 4 and Request to Produce No. 14 in that UAL failed to identify all charges and/or lawsuits and produce all documents related to any lawsuits in which UAL was sued or named for claims for wrongful discharge on the basis of age, race, and/or gender discrimination within the last five (5) years. In UAL's Additional Supplemental Responses, UAL provided information regarding "external charges of discrimination on the basis of age, race, and/or gender discrimination filed by 'above the wing' employees at Chicago O'Hare International Airport from January 1, 2013 to the present." (UAL's Additional Supplemental Responses, p. 2). Thus, UAL failed to adequately respond to Interrogatory No. 4 and Request to Produce No. 14 as it unilaterally limits Bedford's requests in time and nature.

10. UAL did not fully respond to Bedford's Interrogatory No. 16 in that it failed to identify each person terminated as a Customer Service Representative at UAL in Chicago and all surrounding areas in the last five (5) years and their respective personnel files and background information, including, but not limited to, educational background, age, gender, race, and work experience. In UAL's Additional Supplemental Responses, UAL objected that Interrogatory No. 16 is overbroad and that "surrounding areas" is vague and ambiguous. However, during the parties' prior telephone conference on November 12, 2015, counsel for Bedford clarified that the request pertained to records from employees working for UAL at O'Hare International Airport and in the Chicago land area.

11. UAL did not fully respond to Bedford's Interrogatory No. 17 and Request to Produce No. 29 in that it failed to identify each person who replaced Bedford as a Customer Service Representative along with their respective personnel files and background information,

including, but not limited to, educational background, age, gender, race, and work experience. In UAL's Additional Supplemental Responses, UAL objects that Interrogatory No. 17 and Request to Produce No. 29 is "overbroad" and "irrelevant" and that UAL "cannot identify a particular employee who directly 'replaced' Plaintiff." (UAL's Additional Supplemental Responses, p. 2). However, during the parties' prior telephone conference on November 12, 2015 and in subsequent conversations, Plaintiff clarified that "replaced" meant any employee hired as a Customer Service Representative by UAL after Bedford's termination.

12. UAL did not fully respond to Bedford's Request to Produce Nos. 9, 12, and 13 in that UAL failed to produce all documents relating to the various levels of discipline at UAL, procedures at UAL for disciplining and/or terminating employees, and UAL's standard practice of employee discipline for a person in Bedford's position, including but not limited to its standard practice of discipline for an employee's first disciplinary offense.

13. UAL did not fully respond to Bedford's Request to Produce Nos. 10 and 11 in that UAL failed to produce all documents relating to the investigation conducted by UAL in response to the events that allegedly occurred on or about October 17, 2013 and which ultimately lead to Bedford's discharge ("Investigation"), the events that allegedly occurred on October 17, 2013 (the "Incident") that are the subject of this adversarial proceeding, Case No. 1:14-cv-10196 (the "Lawsuit").

14. UAL did not fully respond to Bedford's Request to Produce No. 15 in that UAL failed to produce a roster of all UAL Customer Service Representatives in Chicago and all surrounding areas from the last five (5) years and their respective background information, including, but not limited to, educational background, age, gender, race, and work experience.

5

112845486.4

15. UAL did not fully respond to Bedford's Request to Produce No. 20 in that UAL failed to produce all documents relating to any investigation in the last five (5) years of any current or former UAL employee accused of violating the same and/or similar Guidelines that Plaintiff was accused of violating.

16. UAL did not fully respond to Bedford's Request to Produce No. 21 in that UAL failed to produce a roster of any current or former UAL employees who were disciplined or terminated in the last five (5) years as a result of violation of the same and/or similar guidelines that Plaintiff was accused of violating.

17. All of the above-referenced interrogatories and requests to produce are directly relevant to this Lawsuit, namely to Bedford's wrongful discharge claims and damages.

18. UAL states in its responses that Interrogatory Nos. 16-17 and Requests to Produce Nos. 9-13, 15, 20-21, 29 are "vague," "ambiguous," "overbroad," and/or "irrelevant." Such objections are inappropriate and improper. In addition, the mere fact that the responding party will be required to expend a considerable amount of time, effort, or expense in answering interrogatories is not sufficient to preclude discovery. See, e.g., Schapp v. Executive Industries, Inc, 130 F.R.D. 384 (N.D. Ill. 1990).

19. Additionally, UAL's Supplemental Responses and UAL's Additional Supplemental Responses unilaterally limit Bedford's discovery requests in time and nature in an attempt to limit the documents requested by Bedford.

20. Counsel for Bedford certifies that it has in good faith conferred or attempted to confer with UAL, which has failed to to make disclosure or discovery, in an effort to obtain it without court action.

21. For all of these reasons, this Court should compel UAL to provide sufficient and complete responses to Interrogatories Nos. 4, 16, and 17 and Requests for Production Nos. 9-15, 20-21, and 29.

WHEREFORE, Garvin Bedford requests this Honorable Court to compel defendant United Airlines, Inc to produce.: (i) full and complete answers to Interrogatories Numbers 4, 16, and 17; (ii) full and complete production of the items requested in Bedford's Requests for Production Numbers 9-15, 20-21, and 29; (iii) a privilege log stating the basis for any claims of privilege; and (iv) for any other relief the Court deems just.

                                                Respectfully submitted,

                                                GARVIN BEDFORD

Robert E. McKenzie  
Anne M. Coghlan                           By:   /s/ Anne M. Coghlan  
Oliver A. Khan  
Arnstein & Lehr LLP                        One of His attorneys  
120 S. Riverside Plaza, Suite 1200  
Chicago, IL 60606  
(312) 876-7100  
Fax: (312) 876-0288

112845486.4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 23, 2016, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to those parties of record in this case.

      By:    /s/ Anne M. Coghlan